UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INA HELMICK,

    Plaintiff,

v.                                              Case No. 8:21-cv-2777-VMC-DAB

KNAUF GIPS KG, and
KNAUF NEW BUILDING
SYSTEM (TIANJIN) CO. LTD.
(f/k/a KNAUF PLASTERBOARD
TIANJIN CO. LTD.),

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendants Knauf Gips KG, and Knauf New Building System (Tianjin) Co. Ltd.'s ("KPT") Omnibus Motion in Limine to Exclude Certain Evidence (Doc. # 76), filed on April 12, 2024. Plaintiff Ina Helmick responded on April 26, 2024. (Doc. # 78). Defendants replied on May 9, 2024. (Doc. # 81). For the reasons set forth below, the Motion is granted in part and denied in part.

I.   **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order,

1

remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id.

2

"The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not

3

disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II. Discussion

Defendants seek to exclude eleven categories of evidence:

1. Any evidence of damages barred by the economic loss rule;

2. Any evidence related to future remediation costs;

3. Any evidence related to non-economic mental anguish damages;

4. Any evidence Plaintiff did not produce in discovery;

5. Any untimely evidence, argument, or reference related to Plaintiff's alleged stigma damages, diminution in value, or loss of use damages;

6. Any untimely evidence, argument, or reference related to personal property damage claims;

7. Any untimely evidence, argument, or reference related to an express or implied warranty from the Defendants to Plaintiff;

4

8. Any evidence, argument, or reference related to the Defendants' post-sale conduct;

9. Any evidence, argument, or reference related to prior liability verdicts against the Defendants;

10. Any evidence, argument, or reference regarding the scope of remediation in other lawsuits arising out of Chinese-manufactured drywall; and

11. Any evidence, argument, or reference related to other Knauf entities and affiliates that are not a party in this matter, including any references to the Knauf corporate structure.

(Doc. # 76 at 1-2). Plaintiff has responded (Doc. # 78), and Defendants have replied. (Doc. # 81). The Motion is ripe for review.

### A. Categories 1, 2, 5, and 10

The Court has already held that the economic loss rule applies in this case, adopting the position taken by Judge Steele in similar cases. (Doc. # 79); see Vest obo Est. of Hoffman v. Knauf Gips KG, No. 2:21-cv-896-JES-DAB, 2024 WL 835998, at *3-6 (M.D. Fla. Feb. 28, 2024).

Thus, evidence of damages that are precluded by the economic loss rule may not be admitted at trial. "That is, Plaintiff should only be permitted to introduce evidence related to damage to property *other than* the drywall itself or the home itself." (Doc. # 76 at 7); see also Judge v. Gips, No. 2:21-cv-889-JES-DAB, 2024 WL 835764, at *6 (M.D. Fla.

5

Feb. 28, 2024) (holding that "only damages to personal property may be recoverable" as "other property within the real property" because other damages "qualify as economic damages which are not recoverable in product liability tort claims").

The Motion is granted as to categories 1, 2, 5, and 10, because evidence related to these precluded categories of damages for Plaintiff (or evidence of what these damages were in other cases) is irrelevant.

## B. Category 3

Next, Defendants seek to exclude evidence of any mental anguish damages. (Doc. # 76 at 15-16).

"[B]efore a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries sustained in an impact." Rowell v. Holt, 850 So. 2d 474, 477–78 (Fla. 2003) (quoting R.J. v. Humana of Fla., Inc., 652 So.2d 360, 362 (Fla. 1995)). But, here, "Plaintiff specifically denied that she is claiming any damages for personal injury." (Doc. # 76 at 16). Because of this, Defendants persuasively argue that "Plaintiff cannot recover non-economic mental anguish damages and should be barred from attempting to introduce evidence related to those damages." (Id.).

6

Notably, Plaintiff fails to address this category of evidence in her response and thus does not oppose the Motion on this point.

The Motion is granted as to this category of evidence.

**C. Categories 4 and 6**

Defendants ask that Plaintiff be prohibited from introducing at trial any evidence that she failed to produce before discovery closed, including evidence related to personal property damage. (Id. at 8-9, 13-14).

Federal Rule of Civil Procedure 37(c)(1) provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

However, Rule 26(e) allows a party to supplement their discovery responses. The rule states:

> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
>
> (A) **in a timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

      (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1) (emphasis added). "To follow the 'timely manner' requirement, supplementation 'should be made at appropriate intervals during the discovery period.'" Laremore v. Knauf Gips, KG, No. 2:21-cv-890-SPC-DAB, (Doc. # 83 at 5) (M.D. Fla. May 8, 2024) (quoting Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment).

    As for expert reports, Rule 26(e)(2) states that "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

    Contrary to Plaintiff's statement in her response, Rule 26(e) does not state that supplementation by a party is permissible "up until the date of the pretrial conference." (Doc. # 78 at 6). At most, *an expert* may supplement their report up to the date the parties' joint pretrial statement is due. Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26(a)(3).

    Given that discovery closed in the MDL years ago (Doc. # 76 at 4), the Court tends to agree with Defendants that any

8

new disclosure by Plaintiff now would not be made "in a timely manner" as required by Rule 26(e)(1). Nevertheless, without knowing what additional evidence — if any — will be disclosed before trial and the reasons for Plaintiff's delay, the Court will not exclude all late-disclosed evidence at this time. Instead, the Court will entertain objections at trial to such evidence. See CDO Invs., LLC v. Knauf Gips, No. 2:21-cv-888-JES-DAB, 2024 WL 832074, at *2 (M.D. Fla. Feb. 28, 2024) ("Defendants argue Plaintiff should be barred from presenting damages not produced or properly reserved through discovery. There is insufficient information provided for the Court to make a ruling in limine. Defendants may certainly object to specific items of evidence, but the Court cannot address potential objections in limine.").

The Motion is denied without prejudice as to categories 4 and 6.

**D. Category 7**

Defendants maintain that "[b]ecause Plaintiff has not offered any purported express warranty, Plaintiff should be prohibited from doing so at trial." (Doc. # 76 at 14-15). In her response, Plaintiff fails to address the express warranty issue. See (Doc. # 78 at 4-5) (discussing only implied warranty claims). Thus, Plaintiff does not oppose the

9

exclusion of any evidence as to an express warranty claim. The Motion is granted as to an express warranty.

Defendants also seek to exclude evidence about the existence of any implied warranties. As Defendants explain, "Plaintiff has not provided any evidence showing that Plaintiff was in privity with the Defendants or that Plaintiff provided any notice to the Defendants regarding the alleged defect [with the drywall]." (Doc. # 76 at 15).

In response, Plaintiff insists that she is in privity with Defendants for an implied warranty claim because she "was the owner at the time [her] builder installed the defective Knauf-made drywall in the home, [she] is third-party beneficiary of the implied warranty by the manufacturing defendants and [her] warranty claim must be allowed to proceed." (Doc. # 78 at 5).

The Court will not resolve the substantive legal issue of whether Plaintiff was in privity with Defendants on a motion in limine. Notably, however, Plaintiff fails to address the requirement that she have given notice to Defendants in order to maintain an implied warranty claim and her alleged failure to turn over in discovery any evidence of such notice. See Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co., 142 F. Supp. 3d 1245,

1254 (M.D. Fla. 2015) ("As to both types of implied warranty claims, the buyer must provide notice to the seller of the breach of warranty."). Thus, Plaintiff does not oppose Defendants' argument on the notice issue.

Because no evidence of notice was disclosed for the implied warranty claim, the Motion is granted as to the implied warranty claim.

### E. Category 8

According to Defendants, Plaintiff should be prohibited from "introduc[ing] evidence related to the Defendants' post-sale communications and post-sale inspections of its product, purportedly to evidence fraud or concealment by the Defendants." (Doc. # 76 at 16). "But Plaintiff's potential evidence related to post-sale conduct — including evidence relating to a post-sale duty to warn and evidence relating to post-sale inspections of KPT-drywall — relate to claims of punitive damages or fraud." (Id.). Indeed, Defendants are correct that Plaintiff has withdrawn her request for punitive damages (Doc. # 66) and the MDL Court denied Plaintiff's request for leave to assert claims for fraud and concealment. (Doc. # 76 at 16-17).

Plaintiff nevertheless argues in response that the "issue [of post-sale conduct] is germane to the claims in

11

this case" and notes that "Defendants are expected to seek a jury instruction regarding the timeliness of the filing of Plaintiff's claims." (Doc. # 78 at 9). Plaintiff thus reasons that "unless there are stipulations regarding the date the [D]efendants learned of the defectiveness of their product and that no post-sale warning was ever attempted, Plaintiff should be permitted to offer this post-sale conduct for consideration by the trier of fact." (Id.).

While the Court tends to agree with Defendants that evidence of Defendants' post-sale conduct has little relevance to the remaining claims, the Court cannot determine with certainty that exclusion of this evidence is proper at this time. The Court must address the admissibility of this evidence in the context of trial. Thus, the Motion is denied without prejudice as to this category of evidence.

### F. Category 9

Defendants next argue that Plaintiff should be prohibited from introducing "the prior liability verdicts awarding damages against the Defendants in these [earlier] lawsuits." (Doc. # 76 at 17). In response, Plaintiff says that she "does not intend to present evidence of any prior liability judgments at trial." (Doc. # 78 at 8). Thus, this aspect of the Motion is granted.

### G. Category 11

Finally, Defendants argue that Plaintiff should be prohibited from introducing "evidence related to other Knauf entities that are separate entities from defendants in this matter." (Doc. # 76 at 22). The Court agrees with Defendants that "[a]ny actions, communications, and/or other details concerning these non-defendant Knauf entities bear no relevance to the matter at hand, which concerns only whether the *named* Defendants contributed to Plaintiff's alleged damages." (Id. at 22-23). Notably, Plaintiff fails to address this category of evidence in her response and thus does not oppose the Motion on this point.

The Motion is granted as to this category of evidence.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Omnibus Motion in Limine to Exclude Certain Evidence (Doc. # 76) is **GRANTED** in part and **DENIED** in part to the extent explained in this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of May, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

13